UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HERMAN KELLY,                                    :

                Plaintiff,          :          07 Civ. 2123 (JSR) (AJP)

         -against-               :          **REPORT AND RECOMMENDATION**

EMI BLACKWOOD MUSIC INC.                         :
& EMI U CATALOG INC.,

              Defendants.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Jed S. Rakoff, United States District Judge:**

      For the reasons set forth below, the Court should dismiss Kelly's case for contemptuously failing to comply with Court Orders and for failure to prosecute his case.

      The facts are as follows:  Kelly brought this case, pro se, alleging copyright infringement, breach of contract, fraud, etc.  (See generally Dkt. No. 2: Compl.)  At the May 15, 2007 Initial Pretrial Conference, plaintiff Kelly demanded a settlement of 25% of royalties from the song "One Thing" and a $25,000 "advance."  Defendants rejected that demand.  Since that time, about the only action Kelly has taken in this lawsuit was to seek to "enforce" that settlement.

      When Kelly did not appear at the next conference, the Court entered the following Order:

H:\OPIN\KELLY∨EMI

Mr. Kelly is to show cause in writing (affidavit, and if he wishes, a memorandum of law) why he should not be cited for <u>contempt</u> and/or sanctioned pursuant to Federal Rules of Civil Procedure 16 and 37, and the Court's inherent power, for his failure to telephonically attend today's status conference. <u>Mr. Kelly's submission is due July 23, 2007.</u>

By way of background:   At the May 15, 2007 conference, this Court scheduled a follow-up conference for July 9, 2007 at 2:00 p.m. (<u>See</u> Dkt. No. 14: 5/15/07 Conf. Tr.; <u>see also</u> Dkt. No. 10: 5/15/07 Order.)  Because of a scheduling conflict that developed, the Court ordered that the conference be rescheduled for July 12, 2007 at 2:00 p.m. (Dkt. No. 15: 6/25/07 Order.)  Mr. Kelly did not respond to defense counsel's call to initiate today's conference, nor did Mr. Kelly call the Court.

Mr. Kelly's failure to appear telephonically was not accidental.  By "Notice" dated July 5, 2007, Mr. Kelly wrote the Court that he did not have the "time or money" to participate in the July 12 conference call with the Court.  (Kelly 7/5/07 Notice ¶ 1.)[1]

Paragraph 3 of Mr. Kelly's July 5, 2007 "Notice" also refers to his request that I be recused.  I rejected his prior request for that by Order dated June 25, 2007.  In any event, that request provides no reason for his refusal to participate in conferences with the Court.

* * *

For the reasons stated on the transcript record at today's conference, any and all pending motions by Mr. Kelly, including Docket No. 17, are denied without prejudice to proper renewal.

The next conference call is scheduled for <u>August 16, 2007 at 9:30 a.m.  If Mr. Kelly does not participate, further monetary sanctions and/or dismissal of his case will be imposed</u>.

SO ORDERED.

---

[1]    As to "money," the Court was allowing Mr. Kelly to appear telephonically as opposed to in person and was having defense counsel initiate the call and therefore pay the telephone costs.  As to time, Mr. Kelly has the time to

inundate the Court with improper submissions that continue despite the Court's May 29, 2007 Order (Dkt. No. 13) forbidding same. **Mr. Kelly is hereby put on further notice that he will be monetarily sanctioned for all future submissions that do not comply with the Federal Rules of Civil Procedure and the S.D.N.Y. Local Civil Rules.**

(Dkt. No. 19: 7/12/07 Order.)  Kelly signed the postal Return Receipt card acknowledging receipt

of this Order.

When Kelly did not respond to that Order, the Court sanctioned him, as follows:

By Order dated July 12, 2007 (Dkt. No. 19), I ordered plaintiff Kelly to show cause in writing by July 23, 2007 why he should not be sanctioned for his failure to attend the July 12, 2007 telephonic status conference. The Court has heard nothing from plaintiff Kelly.

Accordingly, the Court sanctions plaintiff Kelly $1,000, payable to the Clerk of Court by August 13, 2007 (certified check or money order). If plaintiff Kelly fails to make that payment and/or fails to appear telephonically at the August 16, 2007 conference (at 9:30 a.m.), I will recommend to Judge Rakoff that he dismiss this case.

(Dkt. No. 20: 7/27/07 Order.)  Kelly signed the postal Return Receipt card acknowledging receipt

of this Order.

Kelly did not respond to that Order in any way.

Nor did Kelly participate in discovery.  He has not responded to defendants' document

requests, and has not appeared for his noticed deposition.  Indeed, Kelly wrote to defense counsel,

as follows:

1.  In pursuant to all applied laws of FRCP, plaintiff Herman Kelly, pro, se hereby file his response, objection, opposition to any deposition in person proceedings by defendants. Plaintiff has informed this court man times that he do not have any extra money to keep spending on this case. Plaintiff is trying to go back to

4

school, college and is seeking help from the federal us government for education support to pay for school.  Plaintiff reject Aug13,07 deposition.

(8/1/07 Kelly "Response to Defendants Notice of Deposition . . ." ¶ 1.)

Finally, Kelly refused to participate in the August 16, 2007 conference.  Defense counsel called Kelly at 9:30 a.m. today to set up the conference call.  According to defendants' counsel, Kelly said that he had to go to work and hung up on defense counsel before he could conference in the Court.  My secretary then tried to call Kelly, but he did not answer his telephone.

Kelly has decided that he has no time for this case, although he brought it and has caused considerable expense for the defendants.

Monetary sanctions would be meaningless, since Kelly has refused to pay the prior sanction, and thus dismissal is the appropriate sanction.  Cf. Peker v. Fader, 965 F. Supp. 454, 458, 460 (S.D.N.Y. 1997) (Koeltl, D.J. & Peck, M.J.).  He was warned that his case would be dismissed and he nevertheless failed to communicate with the Court.

Accordingly, the Court should dismiss Kelly's case with prejudice for failure to obey court orders, for contempt, and for failure to prosecute the action.  In addition, as a further sanction, the Court should strike Kelly's reply (if any even was made) to defendants' counterclaims, and grant defendants the declaratory and injunctive relief requested in the counterclaims.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the

Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff,

500 Pearl Street, Room 1340, and to my chambers, 500 Pearl Street, Room 1370.  Any requests for

an extension of time for filing objections must be directed to Judge Rakoff (with a courtesy copy to

my chambers).  Failure to file objections will result in a waiver of those objections for purposes of

appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v.

Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994);

Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.),

cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892

F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy

v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a),

6(e).

Dated:        New York, New York
              August 16, 2007

                                        Respectfully submitted,

                                        **Andrew J. Peck**
                                        United States Magistrate Judge

Copies to:    Herman Kelly (Regular & Certified Mail)
              Hank Goldsmith, Esq.
              Judge Jed S. Rakoff